IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSHUA HEADRICK, # B83368, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 16-cv-01328 -MJR |
| ) | |
| KEITH BROWN, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Joshua Headrick, an inmate who is currently incarcerated at Danville Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983. This case originated in the United States District Court for the Central District of Illinois. *See Headrick v. Does*, No. 16-cv-03003 (C.D. Ill.) (Doc. 1). On January 8, 2016, Plaintiff filed a letter describing interference with his access to the courts, and a new case was opened on the basis of the letter. On the same date, Plaintiff was ordered to file a complaint setting forth his legal claims against state officials no later than January 29, 2016. (*Id*.). Plaintiff was provided with a standard civil rights complaint form for use in preparing the complaint. However, a formal written Complaint was never filed.

Instead, Plaintiff described his claims to the Court at a status conference that was held in the Central District on March 18, 2016. There, Plaintiff "cogently explained" that he was subjected to the unauthorized use of excessive force, denial of medical care, and retaliation at Saline County Jail ("Jail") in 2014 and at Danville Correctional Center ("Danville") beginning in 2015. (Doc. 15). The Court directed Plaintiff to send additional documentation in support of his claims, and he did so on March 23, 2016. (Doc. 12).

1

Relying primarily on statements made by Plaintiff at the March status conference, the Central District prepared a screening order pursuant to 28 U.S.C. § 1915A on June 6, 2016. (Doc. 15, pp. 1-7). In it, the Court explained that Plaintiff complained of retaliation by Saline County Jail officials. (*Id*. at 1). In response to a letter that Plaintiff filed with the federal court, several unidentified officials allegedly used excessive force against him in 2014. He suffered injuries that still cause him pain, including migraine headaches, severe earaches, and neck pain. (*Id*.). Plaintiff's requests for medical treatment have been denied since he transferred to Danville Correctional Center in 2015. (*Id*. at 2). On these facts, the Central District held that Plaintiff's claims of excessive force, denial of medical care, and retaliation survived threshold review. Because Plaintiff could not identify any particular defendants with specificity, the Central District added the Sheriff of Saline County (Keith Brown) and the Acting Warden of Danville (Victor Calloway) for the purpose of assisting Plaintiff in identifying the correct individual defendants. (*Id*. at 3).

On July 13, 2016, Defendant Brown filed a Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(3). (Doc. 21). In the Motion, he requested dismissal of all claims against him or transfer of the case to the Southern District of Illinois. Defendant Brown explained that the excessive force and retaliation claims arose from events that occurred at Saline County Jail, and the Jail is located in the federal judicial district for the Southern District of Illinois. Plaintiff also filed two Motions to Transfer Venue. (Docs. 23, 26). In response to the three unopposed Motions (Docs. 21, 23, 26), the Central District entered an Order transferring the excessive force and retaliation claims against Jail officials to the Southern District on December 9, 2016. (Doc. 39). The remaining claim for denial of medical care against officials at Danville remained in the original action. (*Id*.).

Given that the Central District already screened this case pursuant to 28 U.S.C. § 1915A, it is unnecessary to do so a second time. Plaintiff's claims of excessive force (**Count 1**) and retaliation (**Count 2**) are subject to further review. Defendant Brown, who is named for the sole purpose of assisting Plaintiff in identifying the individuals involved in the constitutional deprivations, is currently the only defendant named in this action. He shall respond to any discovery (informal or formal) aimed at identifying the individuals involved in the constitutional deprivations at issue with specificity. Once identified, Plaintiff shall file a Motion to Substitute Defendant Brown with the names of the known defendants.

### Pending Motions

Plaintiff's Motion to Request Counsel (Doc. 30) shall be **REFERRED** to United States Magistrate Judge Stephen C. Williams for a decision.

Plaintiff's Motion for Assistance from the Court (Doc. 31), Motion Requesting Due Process Clause (Doc. 32), Motion for the Retaliation of Campaign of Harassment (Doc. 33), and Motion Requesting Subpoena (Doc. 36) are **DENIED** as **MOOT**.

Finally, Plaintiff's Motion for Temporary Restraining Order (Doc. 34) and Motion for Preliminary Injunction (Doc. 35) are **DENIED**. In both Motions, Plaintiff alleges that tubes were forcefully inserted into his ears and controlled remotely through the use of a computer. He claims that an unidentified doctor and prison officials at Danville now send signals to the tubes that cause waves to pulse through his nervous system. This creates intense pressure and pain in his ears.

Both Motions pertain to the denial of medical care at Danville. The claims against Danville officials are not part of this action. The Motions are unrelated to the transferred case.

"[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot." *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004). *See also Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1995). Only if Plaintiff can show a realistic possibility that he would again be incarcerated at the Jail under the conditions described in the Complaint, would it be proper for the Court to consider injunctive relief. *See Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011) (citing *Ortiz v. Downey,* 561 F.3d 664, 668 (7th Cir. 2009)).

The claims at issue in this case arise from events that occurred at the Jail in 2014. Plaintiff transferred from Saline County Jail in 2015. The only defendant named in this action, Defendant Brown, no longer has any control over Plaintiff's medical care. Any need for a TRO or preliminary injunctive relief as it pertains to the Saline County defendants is now moot. *See Lehn*, 364 F.3d at 871; *Higgason*, 83 F.3d at 811. Plaintiff's Motion for TRO (Doc. 34) and Motion for Preliminary Injunction (Doc. 35) are therefore **DENIED**.

## Disposition

**IT IS HEREBY ORDERED** that **COUNTS 1** and **2** are subject to further review.

**IT IS FURTHER ORDERED** that Defendant **BROWN** shall respond to any discovery (formal or otherwise) aimed at identifying the individuals who were allegedly involved in the unauthorized use of excessive force and retaliation against Plaintiff in 2014.

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings, including a decision on the pending Motion to Request Counsel (Doc. 30), pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge

**Williams** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 14, 2016**

s/ MICHAEL J. REAGAN
U.S. District Judge
