UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| JOSHUA HEADRICK, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:16-cv-1328-GCS |
| | ) | |
| MATTHEW TERRENCE WISE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

On May 3, 2019, Plaintiff Joshua Headrick filed suit against Defendant Matthew Terrence Wise alleging that on or about July 14, 2015, Wise used excessive force against him. Before September 2018, Wise was not named as a defendant in this action. Now before the Court is a motion by Defendant Wise seeking summary judgment due to Headrick's failure to name him as a defendant prior to the expiration of the applicable statute of limitations. For the reasons delineated below, the Court denies Defendant's motion.

### BACKGROUND AND ANALYSIS

On January 8, 2016, the United States District Court for the Central District of Illinois (the "Central District") received a letter from Plaintiff Joshua Headrick. The Central District could not discern what Headrick sought in terms of relief and directed him to file a complaint on or before January 29, 2016, or face dismissal of his case. During a March 18, 2016 status conference, Headrick explained to the Court that, in retaliation

for a letter that he sent to a federal court, unknown officers used excessive force against him in the Saline County Jail.

The Central District issued a merit review opinion on June 6, 2016, in which Keith Brown, as Sheriff of Saline County, was added to Headrick's lawsuit solely for the purpose of identifying the unknown officers. Headrick was directed to identify the individuals responsible for the alleged deprivation of his constitutional rights. On December 9, 2016, Headrick's action was transferred to this Court, which entered a threshold order directing Sheriff Brown to respond to "any discovery (formal or otherwise) aimed at identifying the individuals who were allegedly involved in the unauthorized use of excessive force." (Doc. 42, p. 4). Counsel was appointed to represent Headrick on December 30, 2016, and Attorney Kristine Weingart entered an appearance for Plaintiff on January 12, 2017. (Doc. 48, 49).

Defendant's motion does not describe any events in this action between December 2016 and July 30, 2018. Plaintiff, now represented by new counsel who did not enter an appearance until January 2019, attempts to fill in the gaps by explaining that, upon information and belief, Sheriff Brown did not produce discovery that would have allowed Headrick to identify Defendant Wise until February 2, 2018. Wise was discussed during a July 30, 2018 deposition of Plaintiff, and Attorney Weingart filed an amended complaint naming him as a defendant for the first time on September 4, 2018.

Wise was not served until May 2019. On August 5, 2019, he filed an answer in which he raised an affirmative defense based on the applicable statute of limitations. He

now asks the Court to enter summary judgment in his favor due to Headrick's failure to name him as a defendant prior to the expiration of the applicable statute of limitations.

Federal Rule of Civil Procedure 56 governs motions for summary judgment. Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *See Archdiocese of Milwaukee v. Doe,* 743 F.3d 1101, 1105 (7th Cir. 2014)(citing FED. R. CIV. PROC. 56(a)). *Accord Anderson v. Donahoe,* 699 F.3d 989, 994 (7th Cir. 2012). A genuine issue of material fact remains "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). *Accord Bunn v. Khoury Enterpr., Inc.,* 753 F.3d 676, 681-682 (7th Cir. 2014).

In assessing a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *See Anderson*, 699 F.3d at 994; *Delapaz v. Richardson*, 634 F.3d 895, 899 (7th Cir. 2011). As the Seventh Circuit has explained, as required by Rule 56(a), "we set forth the facts by examining the evidence in the light reasonably most favorable to the non-moving party, giving [him] the benefit of reasonable, favorable inferences and resolving conflicts in the evidence in [his] favor." *Spaine v. Community Contacts, Inc.*, 756 F.3d 542, 544 (7th Cir. 2014).

The applicable statute of limitations period for actions brought pursuant to 42 U.S.C. § 1983 is a state's period for personal injury torts. *See Kalimara v. Ill. Dept. of Corrections*, 879 F.2d 276, 277 (7th Cir. 1989). In Illinois, where the events in Headrick's complaint occurred, that period is two years. *See Woods v. Illinois Dept. of Children and*

*Family Svcs.*, 710 F.3d 762, 765-766 (7th Cir. 2013); 735 ILCS § 5/13-202. Wise's argument boils down to pointing out that the two-year period expired before he was named in the September 4, 2018 amended complaint (Doc. 84) and to a single, conclusory statement that this amended complaint does not relate back to Headrick's initial complaint. He briefly argues that the same is true for the May 3, 2019 amended complaint.

It is clear that the September 2018 amended complaint in which Wise was named for the first time was filed more than two years after the events described therein. It also appears that Sheriff Brown may not have responded to discovery needed to identify Wise until February 2018. Headrick counters Wise's motion with a more detailed analysis of the relation-back rules and asks that the Court apply equitable tolling should it find that the amended complaints do not relate back to his initial complaint.

In 2010, the Supreme Court significantly changed the law related to relation back under Federal Rule of Civil Procedure 15(c)(1)(C). *See Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538 (2010). Prior to *Kruspki*, the Seventh Circuit held that the lack of knowledge regarding the defendant's identity was not a "mistake" for purposes of relating back – effectively barring John and Jane Doe cases. *See Hall v. Norfolk S. Ry. Co.*, 469 F.3d 590, 596 (7th Cir. 2006)(citing *King v. One Unknown Fed. Corr. Officer*, 201 F.3d 910, 914 (7th Cir. 2000)); *Baskin v. City of Des Plaines*, 138 F.3d 701, 704 (7th Cir. 1998). With its decision in *Krupski*, however, the Supreme Court clarified that the proper focus in determining whether there is relation back, is on "what the prospective defendant knew or should have known during the Rule 4(m) period, not what the plaintiff knew or should have known at the time of filing" the original complaint. *Krupski*, 560 U.S. at 548.

The Supreme Court defined mistake to include among other things "inadequate knowledge." Under these definitions, the fact that a plaintiff knows of a party's existence "does not preclude her from making a mistake with respect to the party's identity." *Krupski*, 560 U.S. at 549. *Krupski* thus shifted the focus in Rule 15(c) to what the *defendant* knew or should have known. *Id*. at 548 (emphasis added). The Seventh Circuit has clarified that, after *Krupski*:

> The only two inquiries that the district court is now permitted to make in deciding whether an amended complaint relates back to the date of the original one, are, first, whether the defendant who is sought to be added by the amendment knew or should have known that the plaintiff, had it not been for a mistake, would have sued him instead or in addition to suing the named defendant; and second, whether, even if so, the delay in the plaintiff's discovering his mistake impaired the new defendant's ability to defend himself.

*Joseph v. Elan Motorsports Technologies Racing Corp.*, 638 F.3d 555, 559-560 (7th Cir. 2011).

There is not sufficient evidence before the Court about when Wise knew or should have known that he was the officer that Headrick meant to sue, nor is there any evidence as to whether the delay in Headrick discovering Wise's identity impaired Defendant's ability to defend himself. The undersigned cannot conclude on the limited information before the Court whether the September 2018 amended complaint relates back to Headrick's complaint.

Further, the doctrine of equitable tolling excuses an untimely submission if, despite the plaintiff's exercise of reasonable diligence, some extraordinary circumstance prevented him from meeting the prescribed deadline. *See Blanche v. United States*, 811 F.3d 953, 962 (7th Cir. 2016). The plaintiff bears the burden of establishing both his diligent

pursuit of his claim and the extraordinary circumstances that prevented him from timely filing his complaint. *Id. See also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The bar for obtaining equitable tolling is high, and the doctrine does not extend to a "garden variety claim of excusable neglect." *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 96 (1990).

Here, Headrick demonstrates diligent pursuit of his claim, and he suggests that there were circumstances that prevented him from meeting the two-year deadline, namely a significant delay in his receipt of discovery documents that assisted him in identifying Wise as the John Doe officer. Sheriff Brown was ordered to participate in discovery related to John Doe defendants in December 2016, and Headrick suggests he did not receive responsive documents until February 2018. These assertions go unchallenged.

There also is no challenge related to exhaustion of administrative remedies in this case, and the limitations period is tolled while an inmate attempts to exhaust his administrative remedies as he is required to by the Prison Litigation Reform Act ("PLRA"). *See Johnson v. Rivera*, 272 F.3d 519, 521-522 (7th Cir. 2001). Given all of these open questions, the Court cannot find that Wise carries his burden of establishing that there are no genuine disputes of material fact and that he is entitled to judgment as a matter of law.

## Conclusion

For all these reasons, Defendant Matthew Wise's motion for summary judgment (Doc. 95) is **DENIED**. The parties shall submit a joint status report to the Court no later

than March 20, 2020, addressing whether this case requires additional discovery deadlines or whether they are ready to proceed to trial.

**IT IS SO ORDERED.**

Dated: March 9, 2020.

Digitally signed by Magistrate Judge Gilbert C. Sison
Date: 2020.03.09 15:26:03 -05'00'

_____
GILBERT C. SISON
United States Magistrate Judge