## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JOSHUA HEADRICK,** | **)** | |
| | **)** | |
| **Plaintiff,** | **)** | |
| | **)** | |
| **vs.** | **)** | **Case No. 3:16-cv-01328-GCS** |
| | **)** | |
| **MATTHEW TERRANCE WISE,** | **)** | |
| | **)** | |
| **Defendant.** | **)** | |

## Memorandum & Order

**SISON, Magistrate Judge:**

On May 3, 2019, Plaintiff Joshua Headrick filed suit against Defendant Matthew Terrence Wise, alleging that on or about July 14, 2015, Wise used excessive force against him. Before September 2018, Wise was not named as a defendant in this action; by the time Plaintiff added him, the statute of limitations had expired on Plaintiff's claim. Defendant Wise initially moved for summary judgment on December 5, 2018. That motion was denied pending further information regarding equitable tolling and relation back. Now before the Court is a motion by Defendant Wise seeking summary judgment due to Plaintiff's failure to name him as a defendant prior to the expiration of the applicable statute of limitations. For the reasons outlined below, Defendant Wise's motion is **DENIED**.

BACKGROUND

The United States District Court for the Central District of Illinois (the "Central District") first received a letter from Plaintiff outlining various conspiracies at Saline County Jail on January 8, 2016. (Doc. 1). While the Central District could not discern what relief Plaintiff sought from his initial letter, during a March 18, 2016 status conference, Plaintiff cogently explained to the Court that unknown officers used excessive force against him in Saline County Jail in retaliation for a letter he sent to a federal court. (Doc. 15, p. 1). The Central District issued a merit review opinion on June 6, 2016, naming Keith Brown, Sheriff of Saline County, as a defendant for the sole purpose of identifying "John Does" listed in Plaintiff's complaint. (Doc. 15). Attorney Joseph A. Bleyer entered his appearance for Defendant Brown on December 16, 2016. (Doc. 43).

The Central District transferred the case to this Court on December 9, 2016. (Doc. 39). The Court appointed Attorney Kristine Bridges on December 30, 2016. (Doc. 48). Defendant Brown first informed Attorney Bridges and Plaintiff of Defendant Wise's involvement in the events founding the case on November 10, 2017, after the statute of limitations had already expired. (Doc. 110, p. 7). Through counsel, Plaintiff filed an amended complaint naming Defendant Wise on September 4, 2018. (Doc. 59). Accordingly, the Court granted Defendant Brown's motion to dismiss on March 4, 2019. (Doc. 75). Attorney Bleyer entered his appearance for Defendant Wise on August 5, 2019. (Doc. 85).

Attorney Bridges withdrew as Plaintiff's counsel on December 7, 2018, citing, among other things, irreconcilable differences in legal strategy. (Doc. 67). The Court

appointed Attorney Carson C. Menges on December 13, 2018. (Doc. 69). Through his new counsel, Plaintiff filed a second amended complaint on May 3, 2019. (Doc. 84). Defendant Wise answered this complaint and raised the affirmative defense of the statute of limitations on August 5, 2019. (Doc. 87).

Defendant Wise first moved for summary judgment on December 5, 2019, arguing that because Plaintiff did not add Defendant Wise to the complaint within the applicable statute of limitations, the Court should find in Defendant Wise's favor on summary judgment. (Doc. 95). The Court held that whether and for how long Plaintiff's case was tolled while he exhausted administrative remedies, whether equitable tolling should excuse Plaintiff's untimely submission, and whether Defendant Wise knew or should have known he was a proper defendant sufficient for relation back remained open questions. (Doc. 103). Resultingly, Defendant Wise failed to carry his burden of establishing that there was no genuine dispute as to material facts, and the Court denied the motion for summary judgment. *Id.*

The Court granted Defendant Wise's oral motion for leave to file another dispositive motion during a telephone conference call on August 25, 2020. (Doc. 108). Defendant Wise filed a second motion for summary judgment on September 25, 2020. (Doc. 110). Although Defendant Wise again argued that the Court should find in his favor because Plaintiff failed to identify him during the applicable statute of limitations, he also provided an affidavit stating he moved out of state and ended his employment in Saline County prior to Plaintiff filing suit. (Doc. 110, p. 6).

LEGAL STANDARDS

Federal Rule of Civil Procedure 56 governs motions for summary judgment. Under Rule 56(a), summary judgment is appropriate when the moving party shows there is no genuine dispute as to material fact, and that the movant is entitled to judgment as a matter of law. *See Celotex v. Catrett*, 477 U.S. 317, 322 (1986); *Archdiocese of Milwaukee v. Doe*, 743 F.3d 1101, 1105 (7th Cir. 2014)(citing FED. R. CIV. PROC. 56(a)); *Anderson v. Donahoe*, 699 F.3d 989, 994 (7th Cir. 2012). The moving party fails to meet the burden of showing there is no genuine dispute of material fact when the evidence "is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also Bunn v. Khoury Enterpr., Inc.*, 753 F.3d 676, 681-682 (7th Cir. 2014). Once a moving party has demonstrated that no genuine issue of material fact exists, the nonmoving party must show the existence of such an issue by specific factual allegations. *See DeLuca v. Winter Indus., Inc.*, 53 F.3d 793, 796 (7th Cir. 1995).

Despite this shifting burden, the Court is to view the motion for summary judgment in the light most favorable to non-movants, drawing all reasonable references in their favor. *See Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011); *see also Delapaz v. Richardson*, 634 F.3d 895, 899 (7th Cir. 2011). When the moving party does not provide sufficient evidence to establish the absence of a genuine issue of fact, the Court is to deny summary judgment, even if the non-moving party also fails to present opposing evidence. *See* FED. R. CIV. PROC. 56(e) advisory committee's note to 1963 amendment.

Defendant Wise has now had two opportunities to provide sufficient evidence to establish that he did not and should not have known that he would be named as a defendant but for Plaintiff's mistake. *See* (Doc. 103). The first order denying summary judgment noted that: (i) relation back is dependent on what the potential defendant knew or should have known; (ii) equitable tolling applies if, despite the plaintiff's exercise of due diligence, extraordinary circumstances prevented that plaintiff from filing within the statute of limitations; and (iii) the statute of limitations period is tolled while a prison litigant exhausts administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). *Id.* The Court noted that there was not enough information in the record to rule on these open questions. *Id.* To address this, the Court ordered the parties to submit a joint scheduling order concerning the need for additional discovery and later amended the scheduling order to extend discovery into early 2021. (Doc. 108 & 109). Nevertheless, Defendant provides an affidavit stating that he moved out-of-state prior to Plaintiff filing the complaint, and that no one from his former place of business contacted him regarding this case.[1] (Doc. 110, Exh. 1). As discussed *infra*, this evidence is insufficient to support Defendant in carrying his evidentiary burden. The motion is therefore denied.

---

[1]     Defendant further ignores the portion of the ruling regarding the PLRA, instead asserting that the statute of limitations begins to run on the date of injury. (Doc. 110). Information regarding for how long Plaintiff was exhausting administrative remedies is essential to determining whether the statute of limitations bars Plaintiff's amended complaint. *See Johnson v. Rivera*, 272 F.3d 519, 521-522 (7th Cir. 2001). Defendant should note that issues considered by the Court to be "open questions" are likely to remain genuine issues of material fact unless Defendant fully addresses those issues on motion for summary judgment. *See* (Doc. 103).

ANALYSIS

The applicable statute of limitations period for actions brought pursuant to 42 U.S.C. § 1983 is the state's period for personal injury torts. *See Kalimara v. Illinois Dept. of Corrections*, 879 F.2d 276, 277 (7th Cir. 1989). In Illinois, that period is two years. *See Woods v. Illinois Dept. of Children and Family Svcs.*, 710 F.3d 762, 765-766 (7th Cir. 2013); 735 ILCS § 5/13-202. Although Plaintiff alleges Defendants subjected him to excessive force on July 14, 2015, Plaintiff did not identify Defendant Wise until September 4, 2018, well outside the statute of limitations for Plaintiff's § 1983 claim. *See* (Doc. 59). The issues are therefore: (i) whether Plaintiff's naming of Defendant Wise as one of the "John Does" in his initial complaint "relates back" under Federal Rule of Civil Procedure 15(c); or, if not, (ii) whether the doctrine of equitable tolling excuses Plaintiff's untimely amendment.

Defendant Wise asserts that because Plaintiff knew Defendant Wise was involved in the underlying incident as early as July 14, 2015, Plaintiff did not diligently pursue his claim and equitable tolling should not apply. (Doc. 110). In support of his contention that Plaintiff's amendment adding Defendant Wise should not relate back, Defendant Wise asserts two arguments. First, because Defendant Wise had moved to Louisiana prior to Plaintiff filing his lawsuit, he did not know of the case, and the amendment naming him should not relate back to Plaintiff's original complaint. (Doc. 110). In support, Defendant Wise provides an affidavit stating that he moved out-of-state, is no longer employed by the Saline County Sheriff's Department, and has had no contact with his former employers until May 21, 2019, when he was served with the summons and complaint. (Doc. 110, Exh. C).  Second, Defendant Wise states that because Plaintiff knew of his

involvement in the events underlying his claim, Plaintiff's failure to add Defendant Wise was a deliberate choice, rather than a mistake under Rule 15(c). (Doc. 110, p. 12).

In response, Plaintiff asserts that, because his initial complaint was filed *pro se*, Plaintiff should be accorded an "extra measure of grace" typically afforded to incarcerated *pro se* litigants when determining whether equitable tolling is appropriate. (Doc. 111). Additionally, Plaintiff argues that, although Defendant Wise did not actually know of the suit, he *should* have known that this action would have been brought against him, but for a mistake concerning his identity. (Doc. 111). The Court finds that Defendant Wise knew or should have known that he would be properly added to this case, but for a mistake in identity; accordingly, his addition to the suit relates back to Plaintiff's initial complaint. Because Plaintiff's naming of Defendant Wise as a defendant relates back to his initial complaint, there is no need to consider whether Plaintiff is entitled to equitable tolling in this case.

Under Federal Rule of Civil Procedure 15, an amended complaint against a newly-named defendant must meet three criteria in order to relate back to the initial complaint: (i) the claim against the newly-named defendant must have arisen out of the same transaction or occurrence set out in the original pleading; (ii) within the 120-day period following the complaint's filing, the newly-named defendant must have received notice sufficient to avoid prejudice in defending the case on the merits; and (iii) within the same period, the newly-named defendant knew or should have known that the action would be brought against him, but for "a mistake concerning the proper party's identity." *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 545 (2010)(citing FED. R. CIV. PROC. 15(c)(1)(B)

& (c)(1)(C)(ii)). Defendant Wise does not raise issues pertaining to whether Plaintiff's claim against him arises out of the same transaction or occurrence as his initial complaint or whether Defendant Wise received notice of the complaint sufficient to avoid prejudice in defending on the merits. *See, e.g., Krupski*, 538 U.S. at 545 (stating that the first two prongs of the Rule 15 test were met in that case because Respondent failed to contest them on appeal); *Liberty Lobby, Inc.*, 477 U.S. at 248 (the moving party bears the burden of proof on a motion for summary judgment).  The remaining analysis therefore concerns whether Defendant Wise knew or should have known that he was a proper defendant, but for a mistake in the proper party's identity.

Prior to 2010, the Seventh Circuit consistently held that a lack of knowledge regarding a defendant's identity was not a mistake under Rule 15. *See Hall v. Norfolk S. Ry. Co.*, 469 F.3d 590, 596 (7th Cir. 2006)(citing *King v. One Unknown Fed. Corr. Officer,* 201 F.3d 910, 914 (7th Cir. 2000)). Accordingly, listing an unknown defendant as "John Doe" was not a mistake, and replacing the term "John Doe" with a newly-named defendant did not relate back to the original complaint. *See King,* 201 F.3d at 914; *Eison v. McCoy,* 146 F.3d 468, 472 (7th Cir. 1998); *Baskin v. City of Des Plaines,* 138 F.3d 701, 704 (7th Cir. 1998); *Worthington v. Wilson,* 8 F.3d 1253, 1256 (7th Cir. 1993); *Wood v. Worachek,* 618 F.2d 1225, 1229 (7th Cir. 1980). This is known as the "John Doe rule."

However, in 2010, the Supreme Court defined a "mistake" as including "inadequate knowledge." *Krupski*, 560 U.S. at 549. Under this definition of mistake, the proper Rule 15 analysis emphasizes what the *defendant* knew or should have known. *Id.* at 548 (emphasis added). This analysis correctly balances the defendant's interests

protected by the statute of limitations with the Rules' preference for deciding cases on the merits. *Id.* at 550. It further avoids granting a windfall to a defendant who escaped liability due to a plaintiff's misunderstanding. *Id.* (citing FED. R. CIV. PROC. 15 advisory committee's 1966 notes 12). Post-*Krupski*, whether a plaintiff's mistake is reasonable is not at issue. *Id.* at 549. Instead, the only time a court may consider a plaintiff's reasoning is when distinguishing between a mistake and a deliberate choice in which the plaintiff fully understands the factual and legal differences among strategic options. *Id.*

Only three federal circuit courts have applied the post-*Krupski* definition of mistake to the "John Doe rule:" the Second Circuit, the Sixth Circuit, and the Eighth Circuit. *See* Meg Tomlinson, KRUPSKI AND RELATION BACK FOR CLAIMS AGAINST JOHN DOE DEFENDANTS, 86 Fordham L. Rev. 2071 (Mar. 2018). All three circuit courts have held that, even post-*Krupski*, Rule 15(c) does not permit relation back for the identification of John Doe defendants because listing a defendant as "John Doe" is not a mistake. *See Heglund v. Aitkin County,* 871 F.3d 572, 579-581 (8th Cir. 2017)*; Scott v. Village of Spring Valley*, Nos. 13-3910-cv-(L), 13-4297cv(con), 577 Fed. Appx. 81, 83 (2nd Cir. Sept. 5, 2014)*; Hogan v. Fischer*, 738 F.3d 509, 518 (2nd Cir. 2013)*; Smith v. City of Akron*, No. 10-4418, 476 Fed. Appx. 67, 69 (6th Cir. Apr. 6, 2012).

After *Krupski*, the Seventh Circuit has clarified that "the only two inquiries" a court is permitted to make in determining relation back is whether the defendant knew or should have known that the plaintiff would have sued him, but for a "mere slip of the pen[;]" and whether the delay in the discovery of this mistake impeded the newly-named defendant's ability to defend himself. *Joseph v. Elan Motorsports Technologies Racing Corp.*,

638 F.3d 555, 559-560 (7th Cir. 2011). The Seventh Circuit, however, has referenced *Krupski* in the context of the "John Doe rule" in only three cases, none of which are controlling.

In *Westbrook v. Delaware County Sheriff*, the plaintiff relied heavily on *Krupski* in order to argue that joining unidentified jail officers and nurses should relate back under Rule 15(c). No. 19-1131, 790 Fed. Appx. 807, 810 (7th Cir. Oct. 23, 2019). However, the Court declined to decide that issue. *Id*. Instead, the Court found that, unlike in *Krupski*, the plaintiff had not shown that the new claims regarding unidentified jail officers and nurses arose out of the same transaction or occurrence as the plaintiff's initial complaint. *Id*. This showing is a pre-requisite to relation back under 15(c), regardless of what the defendant knew. *Id*. (citing to Fed. R. Civ. Proc. 15(c)(1)(B); *Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001)).

The Seventh Circuit's unpublished decision in *Flournoy v. Schomig* similarly discusses relation back, but does not apply *Krupski* to the underlying case. No. 09-3610, 418 Fed. Appx. 528, 532 (7th Cir. Apr. 15, 2011). In that case, the plaintiff argued that the district judge abused his discretion by not permitting the plaintiff to amend his complaint to identify unknown defendants. *Id*. The Court held there was not an abuse of discretion because the plaintiff did not make a mistake; instead, he simply "lacked knowledge of the proper defendants." *Id*. (citing *Hall*, 469 F.3d at 596).

Finally, in *Gomez v. Randle*, the plaintiff failed to identify unknown officers who used excessive force against him prior to the statute of limitation's expiry. 680 F.3d 859, 864 (7th Cir. 2012). In a footnote, the Court did not address *Krupski*, but stated that a lack of knowledge regarding a defendant's identity is not a mistake under Rule 15(c). *Id*. at n.1

(citing *Baskin v. City of Des Plaines,* 138 F.3d 701, 704 (7th Cir.1998)). However, the Court also stated that the plaintiff had timely filed a grievance which tolled the statute of limitations. *Id.* at 864. The Court therefore found that the district court abused its discretion by not permitting the plaintiff to amend his complaint; the footnote regarding relation back is dicta. *Id.* In the Seventh Circuit, whether *Krupski* alters the "John Doe rule" therefore remains an open question.

Some district courts in the Seventh Circuit have applied a more flexible approach to the "John Doe rule" in light of *Krupski, i.e.,* if a Plaintiff undertakes to identify a John Doe as specifically as possible in an original complaint, naming the John Doe may relate back. *See Solivan v. Dart*, 897 F. Supp. 2d 694, 702 (N.D. Ill. 2012); *Haroon v. Talbott*, No. 16-cv-04720, 2017 WL 4280980, at *8-9 (N.D. Ill. Sep. 27, 2017). For instance, in *Solivan*, the Court found that the plaintiff sufficiently described each unnamed defendant to provide the defendants with necessary notice before amending the complaint and naming the John Does. *See Solivan*, 897 F. Supp. 2d at 701-702. Similarly, in *Haroon*, the Court emphasized that the plaintiff's complaint merely listed an "unknown driver and agent of [a corporate defendant]." *Haroon*, 2017 WL 4280980, at *8. The Court found that this broad and undetailed description, coupled with the message the plaintiff's dilatory behavior sent to the to-be-named John Doe, was insufficient for relation back under *Krupski*. *Id.* at *9.

Though the more flexible approach to the John Doe rule analyzes the meaning of "mistake" post-*Krupski*, it is nevertheless inapplicable here. Plaintiff's initial complaint does not describe Defendant Wise at all. (Doc. 15). Nevertheless, Defendant Wise had

notice that he could be named as a defendant in this case; he filed an incident report regarding the events at issue, which included his name. (Doc. 110, p. 10). Unlike *Haroon*, in which the John Doe defendant had little information on which to determine whether or not he was the "unknown driver" of a taxi cab, Defendant had notice he could be a defendant in a future lawsuit because he filed and signed the paperwork underlying the incident. The Court therefore turns to applications of the "John Doe rule" post-*Krupski* in other district court decisions.

Other district courts have continued to apply the "John Doe rule," reasoning that Rule 15(c)(1) contains both a requirement that the plaintiff made a mistake and that the defendant knew or should have known he was an appropriate party in the suit. *See Miller v. Panther II Transportation*, No. 1:17-cv-04149-JMS-TAB, 2019 WL 1171235, at *6 (S.D. Ind. Mar. 12, 2019); *Brendenkamp v. Balkan Express, Inc.*, No. 3:13–cv–00005–RLY–WGH, 2013 WL 5966416, at *4 (S.D. Ind. Nov. 8, 2013); *Terry v. Chicago Police Department*, 200 F. Supp. 3d 719, 724-725 (N.D. Ill. 2016); *Demouchette v. Sheriff of Cook County*, No. 09-C-6016, 2011 WL 1378712, at *2 (N.D. Ill. Apr. 12, 2011); *Daniel v. City of Matteson*, No. 09-cv-3171, 2011 WL 198132, at *5 (N.D. Ill. Jan. 18, 2011); *Martin v. Fort Wayne Police Dept.*, No. 1:11-cv-349, 2014 WL 1047804, at *3-4 (N.D. Ind. Mar. 18, 2014); *Todd v. Lake County Sheriff's Dept.*, No. 2:08-cv-314, 2013 WL 2156470, at *3-4 (N.D. Ind. May 17, 2013); *Ensley v. Allen County Sheriff*, No. 1:10-cv-411, 2011 WL 2671217, at *2 (N.D. Ind. Jul. 7, 2011); *Charleston v. Fries*, No. 1:10-cv-396, 2011 WL 2671006, at *2 (N.D. Ind. Jul. 7, 2011).[2] In each of these cases, the

---

[2]     One additional case in which the Court used reasoning similar to that in which courts apply the John Doe rule is *Pierce v. City of Chicago*, No. 09-C-1462, 2010 WL 4636676 (N.D. Ill. Nov. 8, 2010). In that

Court considered whether the plaintiff simply did not know the appropriate party's identity, or whether the plaintiff made a mistake of law or fact causing him to name the wrong defendant instead of the intended defendant.

The Court in *Miller* clearly illustrates this distinction. There, the plaintiff fell from a forklift on the back of a box truck; he only identified the truck driver and the driver's employer after the statute of limitations. 2019 WL 1171235, at *3. This late identification was an insufficient reason to permit relation back. *Id*. at *6. Instead, the Court differentiated the failure to identify the truck driver and his employer from a "misnomer" of the type at issue in *Krupski*. *Id*.

Similarly, in *Terry*, the plaintiff moved to amend the complaint to identify two John Doe defendants responsible for issuing an erroneous investigative report after the expiry of the statute of limitations. 200 F. Supp. 3d at 722. The plaintiff did not previously identify the John Doe defendants in the complaint, and did not know their identities. *Id*. The Court noted that the plaintiff did not conflate two possible defendants because of an error in his understanding of the case and/or the defendants' relationship to one another. *Id*. at 725. Instead, the plaintiff simply did not know the proper defendants' identities. *Id*. Accordingly, relation back was not appropriate. *Id*.

*Martin* also included reasoning similar to *Terry* and *Miller.* In *Martin*, the plaintiff identified the police officers involved by their license plate number. 2014 WL 1047804, at

---

case, the plaintiff did not list an unnamed defendant. Instead, he initially chose to sue the City of Chicago and only one of the police officers listed in an incident report. *Id*. at *4. The Court held that the plaintiff did not conflate the two officers, as would be indicative of a mistake; instead, he made a deliberate choice not to sue the other officer. *Id*. This case differs from the one at hand in that the plaintiff never attempted to sue the unnamed defendant.

*4. However, the plaintiff did not move to amend the complaint until after the statute of limitations expired. *Id.* The Court found that, by naming the proper defendants according to their license plate number, the plaintiff had merely used a placeholder for defendants for whom he did not know the proper name. *Id.* This lack of knowledge regarding identity was not a "mistake" sufficient for relation back, even post-*Krupski. Id.*

As in *Martin*, the Court found that the plaintiff inappropriately used description as a place-holder for proper identification in *Demouchette*. In that case, the plaintiff described unnamed defendants as those responsible for the decedent's death. 2011 WL 1378712, at *2. The Court held that this identification was insufficient. *Id.* Additionally, because the plaintiff did not make a mistake regarding the proper defendants, but simply did not know their names, relation back was inappropriate. *Id.* at *2-3.

The remaining cases in which courts upheld the John Doe rule post-*Krupski* consider the application of the rule when the plaintiffs failed to argue that they made a mistake at all. When plaintiffs do not so argue, the Court presumes that the plaintiffs did not know the identity of the proper defendants, making relation back inappropriate. *See Charleston*, 2011 WL 2671006, at *2.  For instance, in *Brendenkamp*, the plaintiff did not claim that he made a mistake regarding the unidentified defendants' names or identity; instead, he asserted that he only learned of their identities after filing the original complaint. 2013 WL 5996416, at *4, n.3. Similarly, in *Todd*, the Court generally forbid relation back in cases in which the plaintiff did not respond to the defendants' assertion that amendments should not relate back under the "John Doe rule." 2013 WL 2156470, at *4. In *Ensley*, the Court noted that the plaintiff did not assert he made a mistake in

identifying unnamed defendants. 2011 WL 2671217, at *2. Finally, in *Daniel*, the plaintiff failed to argue that he made a mistake when identifying the proper defendants; instead, the Court presumed he lacked the proper information for an identification. 2011 WL 198132, at *5. In each of these cases, the Court held that relation back was not appropriate.

This case is factually opposite from those listed above. Whereas in *Miller, Terry, Martin,* and *Demouchette* the plaintiffs did not know the identity of the proper defendant, Defendant himself makes clear that Plaintiff knew his identity prior to bringing suit. (Doc. 110, p. 10-12). Plaintiff asked for and received the incident reports naming Defendant Wise prior to bringing suit. *Id.* at p. 10. Furthermore, directly after the incidents underlying the complaint, Plaintiff wrote a note to Defendant Wise's superior naming Defendant Wise as the officer who used excessive force. *Id.* at 6; Exh. A. It is clear that Plaintiff knew Defendant Wise's identity, though he did not name *any* defendants in his original complaint. (Doc. 15). Given these circumstances, it is more likely that Plaintiff made a mistake in failing to list any of the appropriate defendants by name when first bringing suit.[3]

In contrast to those cases applying the "John Doe rule," other district courts within the Seventh Circuit have held that the Supreme Court's reasoning in *Krupski* undermines the foundation for denying relation back when a defendant identifies a previously

---

[3]        This case is also distinguishable from *Brendenkamp, Todd, Ensley, Charleston,* and *Daniel*. In those cases, the plaintiff did not claim that he had made a mistake justifying relation back. Though Plaintiff did not argue he made a mistake when requesting leave to file an amended complaint, Defendant did not oppose that motion and did not raise the defense of the statute of limitations at that time. (Doc. 58). When Plaintiff responded to Defendant's motion for summary judgment, he asserted that his note to Defendant's superior showed that, but for a mistake, Plaintiff would have properly sued Defendant Wise. (Doc. 111, p. 3).

unknown "John Doe." *See Manskey v. Wiggs*, No. 3:16-CV-01368-MAB, 2020 WL 6701186, at *6 (S.D. Ill. Nov. 13, 2020); *Talley v. Fitzgerald*, No. 3:15-CV-01029-GCS, 2019 WL 5694136, at *3 (S.D. Ill. Nov. 4, 2019); *Sharp v. Keeling*, No. 3:16-cv-01083-JPG-DGW, 2018 WL 1833150, at *4-5 (S.D. Ill. Jan. 5, 2018), rev.'d on other grounds, 2018 WL 822667 (Feb. 12, 2018); *Moore v. Cuomo*, No. 14-C-1913, 2017 WL 3263483, at *5 (N.D. Ill. Aug. 1, 2017); *Williams v. City of Chicago*, No. 14-C-6959, 2017 WL 1545772, at *3 (N.D. Ill. Apr. 28, 2017); *Clair v. Cook County*, 16-C-1334, 2017 WL 1355879, at *4 (N.D. Ill. Apr. 13, 2017); *Klinger v. City of Chicago*, 15-CV-1609, 2017 WL 736895, at *5 (N.D. Ill. Feb. 24, 2017); *Ayoubi v. Basilone*, No. 14-C-0602, 2016 WL 6962189, at *4 (N.D. Ill. Nov. 28, 2016); *Cheatham v. City of Chicago*, No. 16-cv-3015, 2016 WL 6217091, at *3 (N.D. Ill. Oct. 25, 2016); *Karney v. City of Naperville*, No. 15-C-4608, 2016 WL 6082354, at *9 (N.D. Ill. Oct. 18, 2016); *Solivan*, 897 F. Supp. 2d at 701; *Black v. City of South Bend*, No. 16-cv-24-TLS-MGG, 2017 WL 6611584, at *5 (N.D. Ind. Mar. 29, 2017); *Smetzer v. Newton*, No. 1:10-cv-93-JVB, 2010 WL 3219135, at *10 (N.D. Ind. Aug. 13, 2010).

The court in *White* best explains the reasoning for permitting relation back when a plaintiff files a complaint against a John Doe. In that case, the Court declined to apply the "John Doe rule" based on Supreme Court and Seventh Circuit jurisprudence. First, the Court found that *Krupski* undermined the reasoning previously supporting the "John Doe rule." *White v. City of Chicago*, No. 14-cv-3720, 2016 WL 4270152 at *16 (N.D. Ill. Aug. 15, 2016). The Court carefully delineated between the question of whether a plaintiff had knowledge of a defendant's existence in *Krupski* and the *lack* of knowledge regarding a defendant's *identity* in John Doe cases. *Id*. (citing *Krupski*, 560 U.S. at 528) (emphasis

added). Whereas *Krupski* considered what the plaintiff knew or should have known, John Doe cases must examine what the plaintiff *did not know*. *Id*. (emphasis added). However, the Court also noted that the Supreme Court chose particular dictionary definitions when ruling in *Krupski*; both definitions included inadequate knowledge in the definition of mistake. *Id*. (citing to *Krupski*, 560 U.S. at 528; Black's Law Dictionary 1092 (9th ed. 2009); Webster's 3rd edition New International Dictionary 1446 (2002)). Although *Krupski* did not directly consider the John Doe rule, the Court nevertheless found that the Supreme Court's reasoning applied to John Doe cases. *Id*. at *16.

Second, the Court concluded that the Seventh Circuit's previous "John Doe rule" jurisprudence supported abolishing the rule for the purposes of relation back. *Id*. In *Hall*, the Seventh Circuit explicitly rejected distinguishing between cases in which a plaintiff did not know the identity of the proper defendant and cases in which the plaintiff chose to sue a real, but non-liable, defendant. *Id*. (citing *Hall*, 469 F.3d at 596). Instead, the Seventh Circuit held that neither type of ignorance nor misunderstanding qualified as a mistake under Rule 15(c). *Id*. The Seventh Circuit, however, has stated that *Krupski* "cut the ground out from under" *Hall's* finding that a factual misunderstanding is not a mistake. *Joseph*, 638 F.3d at 559. In *White*, the Court reasoned that the same logic would apply to a lack of knowledge regarding a defendant's identity, especially because the Seventh Circuit has already rejected a distinction between the two types of misunderstandings. 2016 WL 4270152 at *16.

This distinction is the biggest difference between courts which apply the "John Doe rule" post-*Krupski* and those which do not. Courts which apply the "John Doe" rule

still maintain the distinction between a factual misunderstanding regarding a defendant's potential *existence*, and a *lack of knowledge* regarding a defendant's identity. These courts view the signifier "John Doe" as a legal place holder for unidentified participants in the original complaint. *See, e.g., Terry,* 200 F. Supp. 3d at 724 (finding the plaintiff merely failed to uphold his burden to identify the proper party within the applicable statute of limitations and instead relied on a "place holder;" therefore, the plaintiff did not make a mistake of fact).

However, courts are less likely to apply the "John Doe rule" to cases in which a plaintiff misunderstands the roles various defendants played in the events giving rise to the plaintiff's claim. *Krupski* stands as the best example of a fact pattern supporting relation back. In that case, the defendant Costa Cruise told the plaintiff that the proper defendant was Costa Crociere, S.p.A three separate times. *Id*. at 540. Nevertheless, the plaintiff did not move to amend her complaint to include the proper defendant until Costa Cruise filed a motion for summary judgment. *Id*. The Court held that knowledge of a proper defendant's existence does not demonstrate absence of mistake. *Id*. at 548. Further, a plaintiff's delay in amending a complaint has no bearing on whether that plaintiff made a mistake in identifying the proper defendant. *Id*. at 553-554. Instead, the Court compared *Krupski* to *Nelson v. Adams U.S.A, Inc.*, in which there was no evidence indicating that a newly-named defendant was initially intended as a party, and evidence showed that the plaintiff sought to add the newly-named defendant because the previous defendant could not satisfy a potential judgment. *See Krupski*, 560 U.S. at 552 (citing to *Nelson v. Adams U.S.A., Inc.*, 529 U.S. 460, 463-464 (2000)). The Court held that, unlike in

*Nelson*, the plaintiff did not make a deliberate choice based on legal strategy. Furthermore, because both Costa Cruise and Costa Crociere S.p.A. shared counsel, the newly-named defendant should have known it was a proper defendant, but for plaintiff's mistake. *Id*. at 549.

The Court finds it is unnecessary to rule on whether a lack of knowledge regarding a defendant's identity is equivalent to or distinct from inaccurate knowledge regarding a defendant's existence, as the case at hand can be factually differentiated from other "John Doe" cases. Although *Krupski* did not involve a "John Doe" defendant, the facts at hand are nevertheless more similar to those in that case than those in *Terry* and similar John Doe cases. Plaintiff first identified Defendant Wise as one of the correctional officers who allegedly used excessive force against him on July 14, 2015, when he submitted a complaint to Defendant Wise's superior. (Doc. 110, Exh. A). Defendant Wise prepared a Jail Incident Narrative outlining the occurrence on the same day. (Doc. 110, Exh. B). Prison officials gave this narrative to Plaintiff. (Doc. 110, p. 10). Defendant Keith Brown also identified Defendant Wise in November 10, 2017 answers to Plaintiff's interrogatories (Doc. 110, p. 7).

However, when Plaintiff first reached out to the Court regarding his claim, he did not identify any defendants or any "John Does." (Doc. 1). Instead, he stated that he had evidence of various conspiracies at the prison. *Id*. The Court listed "John Doe" defendants in a merit review opinion outlining Plaintiff's complaint. (Doc. 15). Through counsel, Plaintiff identified Defendant Wise in his first amended complaint, though this complaint was filed after the statute of limitations expired. (Doc. 59).

Unlike in *Terry*, *Miller, Martin*, or *Demouchette*, it does not appear that Plaintiff deliberately chose to use the term "John Doe" as a placeholder for unidentified defendants. Rather, Plaintiff knew that Defendant Wise was liable, and that he participated in the events giving rise to Plaintiff's complaint. Like in *Krupski*, the improperly-named defendant told Plaintiff that Defendant Wise was the proper defendant. Therefore, through Defendant Brown, Plaintiff effectively met the burden to identify proper litigants at issue in *Terry*. Instead, he simply made a mistake in naming Defendant Wise by the appropriate time.

Moreover, Plaintiff's amendment to add Defendant Wise relates back to his original complaint because Defendant Wise knew or should have known that he was a proper defendant. Although Defendant Wise moved out of state shortly after the events underlying Plaintiff's complaint, he submitted a Jail Incident Narrative prior to moving. (Doc. 110, Exh. B). Defendant Wise's supervisor also received Plaintiff's complaint prior to Defendant Wise's change in employment. (Doc. 110, Exh. A). Finally, like in *Krupski*, Defendant Brown and Defendant Wise share legal counsel, supporting an inference of constructive knowledge.[4] Defendant Wise argues he did not *actually* know that Plaintiff had filed his suit, or that he would be named as a defendant; however, this is only half of

---

[4]     Although Defendant Wise does not argue he is prejudiced by Plaintiff's amendment, it is worth noting that, as counsel for Defendant Brown, Mr. Bleyer took Plaintiff's deposition. (Doc. 110, p. 4). He was therefore able to save testimony for Defendant Wise before he was named in Plaintiff's amended complaint. Defendant Wise likely suffered very little prejudice as a result of Plaintiff's untimely amendment. *Cf. Krupski*, 560 U.S. at 549 (noting little prejudice as a result of the amendment because the mistakenly-named and unnamed defendants shared counsel). *See also Black*, 2017 WL 6611584, at *2 (finding that one of the reasons the defendants should have known of plaintiff's intent to name them was that the named and unnamed defendants shared counsel).

the pertinent inquiry. It is clear that Defendant Wise *should have known* that he would be added as a defendant, but for Plaintiff's mistake. Therefore, Plaintiff's amendment adding Defendant Wise relates back to his original complaint, and the motion for summary judgment is denied.

CONCLUSION

For the above-stated reasons, Defendant Matthew Terrence Wise's motion for summary judgment (Doc. 110) is **DENIED.**

**IT IS SO ORDERED.**

Dated:  February 8, 2021.

Digitally signed
by Judge Sison 2
Date: 2021.02.08
16:41:37 -06'00'

GILBERT C. SISON
United States Magistrate Judge